```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   SOUTHERN DISTRICT OF ALABAMA

 3                         SOUTHERN DIVISION

 4   * * * * * * * * * * * * * *
                                *
 5   UNITED STATES OF AMERICA,  *    CRIMINAL NO.:  12-0182-WS
                                *
 6   VS.                        *    SEPTEMBER 27, 2012
                                *    COURTROOM 2A
 7   CANDACE BROOKE ADKINS,     *    U.S. FEDERAL COURTHOUSE
                                *    MOBILE, ALABAMA
 8       Defendant.             *
                                *
 9   * * * * * * * * * * * * * *
                                *
10   UNITED STATES OF AMERICA,  *    CRIMINAL NO.:  12-0215-WS
                                *
11   VS.                        *
                                *
12   JOHN ROBERT MCGHEE,        *
                                *
13       Defendant.             *
                                *
14   * * * * * * * * * * * * * *

15

16

17

18            ARRAIGNMENT AND GUILTY PLEA HEARING

19            BEREFORE THE HON. WILLIAM H. STEELE

20            CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24

25
```

MARY FRANCES GIATTINA, CCR, RDR, CRR, OFFICIAL COURT REPORTER
P. O. BOX 3021, MOBILE, ALABAMA  36652-3021  (251) 690-3003

```
 1                        APPEARANCES

 2   FOR THE GOVERNMENT:        Deborah A. Griffin, Esquire
                                Assistant U.S. Attorney
 3                              U.S. Attorney's Office
                                63 S. Royal Street, Suite 600
 4                              Mobile, Alabama  36602

 5   FOR THE DEFENDANT,
     CANDACE BROOKE ADKINS:     Paul Bradley Murray, Esquire
 6                              The Murray Firm, LLC
                                P. O. Box 1588
 7                              Daphne, Alabama  36526

 8   FOR THE DEFENDANT,
     JOHN ROBERT MCGHEE:        Ash S. Joshi, Esquire
 9                              The Josh Law Firm, P.C.
                                66 Lenox Pointe, NE
10                              Atlanta, Georgia  30324

11

12

13

14

15

16

17

18

19

20

21   COURT REPORTER:            Mary Frances Giattina, CCR, RDR, CRR
                                Official Court Reporter
22                              P. O. Box 3021
                                Mobile, Alabama  36652-3021
23                              (251) 690-3003

24        Proceedings reported by machine stenography.

25            Transcript produced by computer.
```

```
 1          (September 27, 2012, 10:30 a.m.)  (In open court.)
 2          (Defendants present with Counsel.)
 3              THE COURT:  Good morning.
 4              ALL:  Good morning.
 5              THE CLERK:  The following cases are set for
 6   arraignment and guilty pleas in Criminal Action 12-182, United
 7   States of America versus Candace Brooke Adkins.  What says
 8   United States?
 9              MS. GRIFFIN:  Ready to proceed, Your Honor.
10              THE CLERK:  What says the Defendant?
11              MR. MURRAY:  Ready as well.
12              THE COURT:  All right.  Come on up, please.  Let me
13   get you on -- to the right of the microphone, if you would,
14   please.
15              THE CLERK:  Criminal Action 12-215, United States of
16   America versus John Robert McGhee.  What says United States?
17              MS. GRIFFIN:  Ready to proceed.
18              THE CLERK:  What says the Defendant?
19              MR. JOSHI:  Ready, Your Honor.
20              THE COURT:  All right.  Come on up, please.
21          (Brief pause.)
22              THE COURT:  All right.
23              MR. JOSHI:  Would you like them at the microphone?
24              THE COURT:  Yeah.  That will be fine, just right
25   there in the middle somewhere.  And I have Ms. Adkins; is that
```

```
 1  right?
 2            DEFENDANT ADKINS:  Yes.
 3            THE COURT:  And Mr. McGhee?
 4            DEFENDANT MCGHEE:  Yes, sir.
 5            THE COURT:  All right.  I'll need both of you to
 6  answer loudly and clearly enough so that the Court Reporter
 7  can hear you and record your answers.  And I need both of you
 8  to raise your right hand and take an oath, please.
 9        (The Defendants were placed under oath.)
10            THE COURT:  All right.  Let me start with Ms.
11  Adkins.  If you will state your true, full name for the
12  record, please.
13            DEFENDANT ADKINS:  Candace Brooke Adkins.
14            THE COURT:  All right.  How much education have you
15  completed?
16            DEFENDANT ADKINS:  I have a Bachelor's, and I'm
17  working on a Master's.
18            THE COURT:  All right.  Mr. Murray, to the best of
19  your knowledge, is Ms. Adkins fully competent to enter a valid
20  plea today?
21            MR. MURRAY:  Yes, sir, she is.
22            THE COURT:  All right.  And Mr. McGhee, if you will
23  state your true, full name for the record, please, sir.
24            DEFENDANT MCGHEE:  John Robert McGhee.
25            THE COURT:  All right.  And how much education have
```

1  you completed?
2          DEFENDANT MCGHEE:  High school.
3          THE COURT:  All right.  And Mr. Joshi, to the best
4  of your knowledge, is Mr. McGhee fully competent to enter a
5  valid plea today?
6          MR. JOSHI:  He is, Your Honor.
7          THE COURT:  Have either of you ever been treated for
8  any mental illness or addiction to narcotic drugs of any kind?
9  Ms. Adkins?
10         DEFENDANT ADKINS:  Yes, sir.
11         THE COURT:  And what were you treated for?
12         DEFENDANT ADKINS:  Depression.
13         THE COURT:  How long ago was that?
14         DEFENDANT ADKINS:  I was probably 17.
15         THE COURT:  Okay.  So, not current?
16         DEFENDANT ADKINS:  No, sir.
17         THE COURT:  Okay.  And Mr. McGhee, how about you?
18         DEFENDANT MCGHEE:  No.
19         THE COURT:  All right.  Are either of you currently
20 under the influence of any drug or medication or alcoholic
21 beverage of any kind?  Ms. Adkins?
22         DEFENDANT ADKINS:  No, sir.
23         THE COURT:  Mr. McGhee?
24         DEFENDANT MCGHEE:  No, sir.
25         THE COURT:  All right.  Mr. McGhee is pleading by

1  way of information, is that right, and Ms. Adkins is by way of
2  indictment?
3        MR. MURRAY:  Yes, sir.
4        THE COURT:  Okay.  Ms. Adkins, have you received a
5  copy of the indictment in this case, had a full opportunity to
6  read it and review it with your attorney, and do you fully
7  understand the charge contained in the indictment?
8        DEFENDANT ADKINS:  Yes, sir.
9        THE COURT:  And Mr. McGhee, you understand that you
10 have a right to proceed by indictment in this case.  I have a
11 waiver of indictment form that appears to have your signature.
12 Did you, in fact, sign the document?
13       DEFENDANT MCGHEE:  Yes, sir.
14       THE COURT:  By signing this document, you are
15 acknowledging that you understand your right to proceed by
16 indictment.  The document indicates that you've consulted with
17 counsel, that you voluntarily waive your right to proceed by
18 indictment, and that you are agreeing to proceed by way of
19 information.  Is that true?
20       DEFENDANT MCGHEE:  Yes, sir.
21       THE COURT:  All right. I'll accept your waiver and
22 we'll proceed by information.  Have you had an opportunity to
23 read and discuss the information with your attorney, and do
24 you fully understand the charge contained in the information?
25       DEFENDANT MCGHEE:  Yes, sir.

1    THE COURT: All right. Are each of you fully
2 satisfied with the representation that you've received from
3 your attorney in this case, and have you fully discussed with
4 your attorney all of the facts surrounding the charge? Ms.
5 Adkins?
6    DEFENDANT ADKINS: Yes, sir.
7    THE COURT: Mr. McGhee?
8    DEFENDANT MCGHEE: Yes, sir.
9    THE COURT: Now, I've been furnished a written plea
10 agreement in both of your cases. This plea agreement appears
11 to have your signature in a couple of places, at the end of
12 the plea agreement and also at the end of the factual resume.
13 Did you, in fact, sign the document, Ms. Adkins?
14    DEFENDANT ADKINS: Yes, sir.
15    THE COURT: Mr. McGhee?
16    DEFENDANT MCGHEE: Yes, sir.
17    THE COURT: And by signing this document, you are
18 acknowledging that you have received a copy of it, that you've
19 had an opportunity to read it and review it with your
20 attorney, that you fully understand the terms and conditions
21 of the plea agreement and the factual resume, and that you
22 agree with it. Is that true, Ms. Adkins?
23    DEFENDANT ADKINS: Yes, sir.
24    THE COURT: Mr. McGhee?
25    DEFENDANT MCGHEE: Yes, sir.

1    THE COURT:  Have there been any promises made to you
2 by anyone or has anyone attempted in any way to force you to
3 plead guilty or to pressure you or threaten you in any way?
4 Ms. Adkins?
5    DEFENDANT ADKINS:  No, sir.
6    THE COURT:  Mr. McGhee?
7    DEFENDANT MCGHEE:  No, sir.
8    THE COURT:  Now, the penalties that could be imposed
9 if convicted of the charge to which you are pleading guilty
10 are outlined in the plea agreement.  And if convicted of Count
11 1 of the indictment, Ms. Adkins, or Count 1 of the
12 information, Mr. McGhee, you could receive a term of
13 imprisonment up to 20 years, fine not to exceed $250,000, a
14 supervised release term up to three years, a mandatory special
15 assessment of $100, and any restitution that may be ordered by
16 the Court.
17    Do you understand that, Ms. Adkins?
18    DEFENDANT ADKINS:  Yes, sir.
19    THE COURT:  Mr. McGhee?
20    DEFENDANT MCGHEE:  Yes, sir.
21    THE COURT:  Are either of you presently on
22 probation, parole, or supervised release as the result of a
23 conviction in any other case?  Ms. Adkins?
24    DEFENDANT ADKINS:  Yes, sir.
25    THE COURT:  You are on probation?

1      DEFENDANT ADKINS:  Yes.
2      THE COURT:  All right.  Is that a State case?
3      DEFENDANT ADKINS:  Yes, sir.
4      THE COURT:  Is that subject to revocation?
5      DEFENDANT ADKINS:  Yes, sir.
6      MR. MURRAY:  Yes, sir.
7      THE COURT:  Yes?  Okay.  So, you understand that a
8  plea of guilty and a conviction in this case could have
9  adverse consequences on any sentence of probation or parole
10 that you have in any other case.  You understand that?
11     DEFENDANT ADKINS:  Yes, sir.
12     THE COURT:  All right.  How about Mr. McGhee?
13     DEFENDANT MCGHEE:  No, sir.
14     THE COURT:  All right.  Also, if convicted of the
15 charge in this case, you could lose valuable rights, including
16 the right to vote, the right to hold public office, the right
17 to serve on a jury, and the right to possess any kind of
18 firearm.  Do you understand that, Ms. Adkins?
19     DEFENDANT ADKINS:  Yes, sir.
20     THE COURT:  Mr. McGhee?
21     DEFENDANT MCGHEE:  Yes, sir.
22     THE COURT:  Now, the United States Sentencing
23 Commission has issued Sentencing Guidelines for judges to
24 consider in determining the sentence in a criminal case.  Have
25 you and your attorney talked about how those guidelines might

affect your case?  Ms. Adkins?

    DEFENDANT ADKINS:  Yes, sir.

    THE COURT:  Mr. McGhee?

    DEFENDANT MCGHEE:  Yes, sir.

    THE COURT:  The way in which the Sentencing Guidelines apply to your case might be affected by what you say to the Court and to the Probation Office.  The Court will not be able to determine an appropriate sentence for your case until after a presentence report has been completed and you and the United States have had an opportunity to challenge the facts reported by the Probation Office.  The sentence imposed might be different from any estimate your attorney or anyone else might have given you.

After it has been determined what guideline applies to a case, the judge has the authority to impose a sentence that is more severe or less severe than the sentence called for in the Guidelines.

Do you understand that, Ms. Adkins?

    DEFENDANT ADKINS:  Yes, sir.

    THE COURT:  And Mr. McGhee?

    DEFENDANT MCGHEE:  Yes, sir.

    THE COURT:  Also, if the sentence is more severe than you expected or if I do not accept the sentencing recommendation in your plea agreement, you will still be bound by your plea.  Even if you do not like the sentence imposed by

```
 1   the Court, you will not be able to withdraw your plea.  The
 2   time to make that decision is now.
 3        Do you understand that, Ms. Adkins?
 4            DEFENDANT ADKINS:  Yes, sir.
 5            THE COURT:  Mr. McGhee?
 6            DEFENDANT MCGHEE:  Yes, sir.
 7            THE COURT:  Under some circumstances, you and the
 8   United States each may have the right to appeal any sentence
 9   the judge imposes.  You also have the right to waive your
10   right to appeal, and I see by your plea agreement that you are
11   waiving your right to appeal any sentence imposed with the
12   following exceptions:  That would be any punishment in excess
13   of the statutory maximum, any punishment constituting an
14   upward departure of the guideline range, and any claim of
15   ineffective assistance of counsel.
16        Do you understand that, Ms. Adkins?
17            DEFENDANT ADKINS:  Yes, sir.
18            THE COURT:  Mr. McGhee?
19            DEFENDANT MCGHEE:  Yes, sir.
20            THE COURT:  You each have the right to plead not
21   guilty to any offense charged against you and to persist in
22   that plea.  You would then have the right to trial by jury.
23   During that trial, you would have the right to the assistance
24   of counsel for your defense and to the appointment of counsel
25   if you could not afford to hire one, the right to see and hear
```

1  all of the witnesses and to have your attorney cross-examine
2  them, the right to testify yourself or to decline to testify
3  and remain silent, and the right to have the Court issue
4  subpoenas for any witnesses you wish to call in your defense.
5       At the trial, you would be presumed to be innocent, and
6  the United States would have the burden of proving that you
7  are guilty beyond a reasonable doubt.  Before you can be
8  convicted, all 12 jurors must be convinced that the United
9  States has met that burden.
10      If you are found guilty after a trial, you would then
11 have the right to appeal that conviction to a higher court,
12 and if you could not afford to pay the cost of an appeal, the
13 Government would pay those costs for you.
14      Do you understand all of that, Ms. Adkins?
15           DEFENDANT MCGHEE:  Yes, sir.
16           THE COURT:  Mr. McGhee?
17           DEFENDANT MCGHEE:  Yes, sir.
18           THE COURT:  If you plead guilty, however, and if the
19 Court accepts your plea, there will be no trial; you will be
20 waiving or giving up your right to a trial and all the other
21 rights that I just described.
22      Do you understand that, Ms. Adkins?
23           DEFENDANT ADKINS:  Yes, sir.
24           THE COURT:  Mr. McGhee?
25           DEFENDANT MCGHEE:  Yes, sir.

1   THE COURT:  Also included in your plea agreement is
2   a factual resume.  This factual resume has a statement of the
3   elements of the offense, for Ms. Adkins, charged in Count 1 of
4   the indictment, which states a violation of Title 18, United
5   States Code, Section 1349; and for Mr. McGhee as charged in
6   Count 1 of the information, stating a violation of Title 18,
7   United States Code, Section 1962(d).
8      For Ms. Adkins, the elements of that offense are that two
9   or more persons in some way or manner came to a mutual
10  understanding to try to accomplish a common and unlawful plan
11  as charged in the indictment; and that you, knowing the
12  unlawful purpose of the plan, willfully joined in it.
13     Do you understand that those are the elements of the
14  offense to which you are pleading guilty, Ms. Adkins?
15          DEFENDANT ADKINS:  Yes, sir.
16          THE COURT:  And do you fully understand that if
17  there was a trial in this case, the United States would be
18  required to present sufficient evidence to prove each of those
19  essential elements beyond a reasonable doubt?
20          DEFENDANT ADKINS:  Yes, sir.
21          THE COURT:  And for Mr. McGhee, the elements of the
22  offense to which you are pleading guilty are that two or more
23  persons agreed to try to accomplish an unlawful plan to engage
24  in a pattern of racketeering activity; that you knowingly and
25  willfully joined in the conspiracy; that when you joined the

1  agreement, you had the specific intent either to personally
2  participate in committing at least two other acts of
3  racketeering or else to participate in the enterprise's
4  affairs, knowing that other members of the conspiracy would
5  commit at least two other acts of racketeering and intending
6  to help them as part of a pattern of racketeering activity.
7       Do you understand that those are the elements of the
8  offense to which you are pleading guilty?
9            DEFENDANT MCGHEE:  Yes, sir.
10           THE COURT:  And do you fully understand that if
11 there was a trial in this case, the United States would be
12 required to present sufficient evidence to prove each of those
13 essential elements beyond a reasonable doubt?
14           DEFENDANT MCGHEE:  Yes, sir.
15           THE COURT:  Also included in your factual resumes
16 are statements of offense conduct.  Did you, in fact, commit
17 the acts and do the things that you have admitted to in this
18 statement, Ms. Adkins?
19           DEFENDANT ADKINS:  Yes, sir.
20           THE COURT:  And Mr. McGhee?
21           DEFENDANT MCGHEE:  Yes, sir.
22           THE COURT:  Then I find that the facts and acts to
23 which you have admitted support a violation of the charge
24 contained in the indictment or the information to which you
25 are pleading guilty.  How do you now plead to that charge,

```
1    guilty or not guilty, Ms. Adkins?
2              DEFENDANT ADKINS:  Guilty.
3              THE COURT:  And Mr. McGhee?
4              DEFENDANT MCGHEE:  Guilty.
5              THE COURT:  Then it is the finding of this Court in
6    the case of United States versus Candace Brooke Adkins and
7    John Robert McGhee that each of you are fully competent and
8    capable of entering an informed plea, that you are aware of
9    the nature of the charge and the consequences of your plea,
10   and that your plea of guilty is a knowing and voluntary plea
11   supported by an independent basis in fact containing each of
12   the essential elements of the offense.  Your plea is,
13   therefore, accepted, and you are now adjudged guilty of that
14   offense.
15        All right.  How much time do we need for preparation of a
16   presentence report for Ms. Adkins?
17             MS. GRIFFIN:  Your Honor, we would ask until early
18   March.
19             THE COURT:  All right.
20             THE CLERK:  Are you ready?
21             THE COURT:  Yeah, for Ms. Adkins.
22             THE CLERK:  Ms. Adkins is set Monday, March 4th, at
23   9:30.
24             THE COURT:  All right.  How about for Mr. McGhee?
25             MS. GRIFFIN:  The same period of time, Your Honor.
```

1           THE COURT:  Okay.
2           THE CLERK:  Monday, March 4th, at 10 a.m.
3           THE COURT:  All right.  Check your calendars.  If
4  there are any conflicts, let me know and we'll adjust it as
5  necessary.
6       All right.  It appears that Ms. Adkins is on conditions
7  of release out of the Northern District of Georgia.  Mr.
8  Murray, you know any reason to modify those?
9           MR. MURRAY:  No, sir.
10          THE COURT:  Does the Government have any reason to
11 modify?
12          MS. GRIFFIN:  No, Your Honor.
13          THE COURT:  All right.  She appears to be in
14 compliance.  The Court will adopt the conditions of release
15 previously imposed in the Northern District of Georgia.  Ms.
16 Adkins, I assume that you understand what those are?
17          DEFENDANT ADKINS:  Yes, sir.
18          THE COURT:  You will remain on those same conditions
19 of release, and we'll enter an order adopting the same.
20      All right.  Is there anything further with respect to Ms.
21 McGhee at this -- I'm sorry, Ms. Adkins at this time?
22          MS. GRIFFIN:  No, Your Honor.
23          MR. MURRAY:  No, Your Honor.
24          THE COURT:  All right.  You are free to go then.
25 Thank you.  We'll see you at the sentencing hearing.

1            MR. MURRAY:  Thank you, Judge.
2            THE COURT:  And then for Mr. McGhee, the
3    recommendation of Pretrial Services in this Court is that Mr.
4    McGhee be released on conditions of release subject to
5    courtesy pretrial supervision in the Northern District of
6    Georgia, that he actively seek employment, that he refrain
7    from selling merchandise via craigslist or eBay, that he
8    refrain from possessing a firearm, destructive device, or
9    other dangerous weapon, and that he report to the Probation
10   Office within 24 hours any contact with law enforcement
11   personnel, including arrest, questioning, or traffic stops.
12         All right.  Mr. Joshi, you have any comment about those
13   recommendations?
14           MR. JOSHI:  No, Your Honor.  We're in agreement with
15   that.
16           THE COURT:  All right.  What about the Government?
17           MS. GRIFFIN:  No, Your Honor.  We're in agreement as
18   well.
19           THE COURT:  Okay.  All right.  We will enter an
20   order setting those conditions of release.  Mr. McGhee, I
21   assume that you understand what those are?
22           DEFENDANT MCGHEE:  Yes, sir.
23           THE COURT:  And you will be expected to abide by
24   those conditions of release.  If you violate any of those, you
25   would subject yourself to penalties, including additional jail

1   time or fines.  You understand that?
2           DEFENDANT MCGHEE:  Yes, sir.
3           THE COURT:  All right.  We also have matters of
4   forfeiture that were filed with the Court.  Is that just for
5   filing this morning, or do you want to address those in some
6   way this morning?
7           MS. GRIFFIN:  I'd like to address them, Your Honor.
8           THE COURT:  Okay.
9           MS. GRIFFIN:  I've filed a stipulation and agreement
10  for forfeiture.  I've also filed a motion seeking a
11  preliminary order from the Court and asking the Court to enter
12  the order today, if possible.
13       As to several of the items, there is an issue that,
14  according to Mr. Joshi, needs to be looked into.  The case
15  agent is on a detail and not available for a few more weeks.
16  We anticipate resolving that in the next few weeks, and there
17  may be a few items that we will dismiss from the forfeiture
18  depending on the outcome of the documents presented by the
19  Defendant.
20          THE COURT:  Let me see if I got this right.  There
21  are issues still in dispute, but you want me to enter the
22  preliminary order?
23          MS. GRIFFIN:  We do, Your Honor.  We have typically
24  been able to dismiss them down the road before there is a
25  final order, and we would ask the Court to do so today so that

```
 1   we may begin the advertising process.
 2           THE COURT:  All right.  Mr. Joshi, any objection to
 3   that plan?
 4           MR. JOSHI:  No, Your Honor.
 5           THE COURT:  Okay.  Then I will enter the preliminary
 6   order of forfeiture today then.  Anything further from the
 7   United States at this time?
 8           MS. GRIFFIN:  No, Your Honor.
 9           THE COURT:  Anything further from the Defendant?
10           MR. JOSHI:  No, Your Honor.
11           THE COURT:  All right.  We'll see you at the
12   sentencing hearing then.  Thank you.
13           MR. JOSHI:  Thank you.
14           THE COURT:  That's all.
15
16       (Proceedings concluded at 10:55 a.m. this date.)
17
18
19
20
21
22
23
24
25
```

1         <u>CERTIFICATE</u>

2

3  STATE OF ALABAMA)

4  COUNTY OF MOBILE)

5

6     I do hereby certify that the above and foregoing
7  transcript of proceedings in the matter aforementioned was
8  taken down by me in machine shorthand, and the questions and
9  answers thereto were reduced to writing under my personal
10 supervision using computer-aided transcription, and that the
11 foregoing represents a true and correct transcript of the
12 proceedings upon said hearing.
13     I further certify that I am neither of counsel nor
14 related to the parties to the action, nor am I in anywise
15 interested in the result of said cause.
16     I further certify that I am duly licensed by the Alabama
17 Board of Court Reporting as a Certified Court Reporter as
18 evidenced by the ACCR number following my name found below.
19
20
21                              s/Mary Frances Giattina
                                Mary Frances Giattina, CCR, RDR, CRR
22                              ACCR #181
                                Official Court Reporter
23                              U.S. District Court
                                Southern District of Alabama
24                              P.O. Box 3021
                                Mobile, Alabama  36652-3021
25                              (251) 690-3003